## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-1333-CFC |
| RMG NETWORKS HOLDING CORPORATION, | : : : | |
| Defendant. | : : | |

Stephen B. Brauerman, Sara E. Bussiere, BAYARD, P.A., Wilmington, Delaware;
Alfred R. Fabricant, Lawrence C. Drucker, Peter Lambrianakos, Vincent J.
Rubino, III, Joseph M. Mercadante, Alessandra C. Messing, BROWN RUDNICK
LLP, New York, New York

*Counsel for Plaintiff*

Jack B. Blumenfeld, MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
Wilmington, Delaware; Brett Charhon, Martin C. Robson, Anthony M. Garza,
CHARHON CALLAHAN ROBSON & GARZA, PLLC, Dallas, Texas

*Counsel for Defendant*

## **MEMORANDUM OPINION**

May 6, 2019
Wilmington, Delaware

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

Defendant RMG Networks Holding Corporation has moved pursuant to 28 U.S.C. § 1404(a) to transfer to the Northern District of Texas this patent action filed by Plaintiff Ultravision Technologies, LLC.  For the reasons discussed below, I will grant RMG's motion.

## DISCUSSION

Both Ultravision and RMG are Delaware entities with their principal places of business in the Northern District of Texas.  Ultravision alleges in its complaint that RMG's sales in the United States of certain LED display products designed and manufactured in China infringe two patents.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  It is undisputed that this action could have been brought in the Northern District of Texas.  Thus, the only issue before me is whether I should exercise my discretion under § 1404(a) to transfer the case to Texas.

RMG has the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  This burden is heavy.  "[U]nless the balance of convenience of the

parties is *strongly* in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Id.* (emphasis in original) (internal quotation marks and citation omitted).

The proper interests to be weighed in deciding whether to transfer a case under § 1404(a) are not limited to the three factors recited in the statute (i.e., the convenience of the parties, the convenience of the witnesses, and the interests of justice). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the court in *Jumara* identified 12 interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The other six interests are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

2

*Id.* at 879–80 (citations omitted). As the parties have not identified relevant factors beyond these 12 interests, I will balance the *Jumara* factors in deciding whether to exercise the discretion afforded me by § 1404(a).

## I.    PLAINTIFF'S FORUM PREFERENCE

This factor clearly weighs against transfer and is to be treated as a "paramount consideration" in applying the *Jumara* factors. *VLSI Tech. LLC v. Intel Corp.*, 2018 WL 5342650, at *2 (D. Del. Oct. 29, 2018).

## II.    DEFENDANT'S FORUM PREFERENCE

This factor favors transfer.

## III.    WHETHER THE CLAIM AROSE ELSEWHERE

This factor favors transfer. Although the design and manufacturing activities related to the LED display products occurred in China, RGM's "importation, marketing, advertising [and] selling of the accused products were carried out" in the Northern District of Texas. D.I. 20 at 6. None of these activities were carried out in Delaware, and RGM sold no accused products in Delaware between October 1, 2016 and September 30, 2018, *see* D.I. 9, Declaration of Jana Bell at ¶ 9.

## IV.   THE CONVENIENCE OF THE PARTIES AS INDICATED BY THEIR RELATIVE PHYSICAL AND FINANCIAL CONDITION

This factor slightly favors transfer.  "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient."  *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001).  Both parties are Delaware entities.  To establish "inconvien[ce]," therefore, RMG must show that it would face "a unique or unexpected burden" in having to litigate this case in this District.

RMG has shown that it would be at least marginally more convenient for it to produce its witnesses and documents in the Northern District of Texas than in Delaware, because most of RMG's employees and documents are already located in the Northern District.  As the Northern District of Texas and this District appear equally convenient for Ultravision, which is a Delaware entity with a principal place of business in the Northern District, and Delaware is not a particularly or uniquely inconvenient forum for RMG, which is also incorporated in Delaware, the convenience of the parties weighs slightly in favor of transfer.

## V.   THE CONVENIENCE OF THE WITNESSES

This factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora."  *Jumara*, 55 F.3d at 879; *see also Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (noting

that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena"). In addition, "witnesses who are employed by a party carry no weight," because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). In considering this factor, "the Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses . . . who have no direct connection to the litigation." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 757 (D. Del. 2012), *mandamus denied sub nom. In re Altera Corp.*, 494 F. App'x 52 (Fed. Cir. 2012).

Nothing in the parties' filings suggests that anyone—whether they be third parties or employees—would be unwilling to testify at trial in Delaware. Nonetheless, neither party has identified a witness who resides in Delaware; and it is undisputed that both parties' management personnel live or work in the Northern District, the inventor resides in the Northern District, and the counsel who prosecuted the asserted patents works in the Northern District. Accordingly, this factor favors transfer, albeit slightly.

## VI.   THE LOCATION OF BOOKS AND RECORDS

*Jumara* instructs me to give weight to the location of books and records only "to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." 55 F.3d at 879. As both parties have their

5

headquarters in the Northern District, this factor weighs slightly in favor of transfer.

## VII.   ENFORCEABILITY OF THE JUDGMENT

This factor is neutral, as judgments from this District and the Northern District of Texas would be equally enforceable.

## VIII. PRACTICAL CONSIDERATIONS

*Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. This factor strongly favors transfer. Neither party has a connection with Delaware other than its incorporation or formation status. By contrast, both parties have their principal place of business in the Northern District and the inventor, patent prosecution counsel, and every employee identified in the briefing as having knowledge relevant to the case lives and/or works in the Northern District.

## IX.   RELATIVE ADMINISTRATIVE DIFFICULTY DUE TO COURT CONGESTION

This factor is neutral, as both districts have congested dockets.

## X.   LOCAL INTEREST IN DECIDING LOCAL CONTROVERSIES AT HOME

The local controversy factor is neutral. As an initial matter, "[p]atent issues do not give rise to a local controversy or implicate local interests." *TriStata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008). Aside from

6

the patent subject matter, Delaware has an interest in litigating disputes between Delaware companies, and the Northern District has an interest in litigating disputes between companies headquartered within the district.

## XI.    PUBLIC POLICIES OF THE FORA

Delaware's public policy encourages Delaware entities to resolve their disputes in Delaware courts. *Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012). RMG has not cited any countervailing Texas public policy. Thus, this factor weighs against transfer; but because it overlaps with the preceding factor, I will give it minimal weight.

## XII.    FAMILIARITY OF THE TRIAL JUDGES WITH THE APPLICABLE STATE LAW IN DIVERSITY CASES

This factor is inapplicable to a patent case and therefore is neutral.

\*    \*    \*    \*    \*

In sum, of the 12 *Jumara* factors, six favor transfer in varying degrees; two weigh against transfer in varying degrees, and four are neutral. Having considered the factors in their totality and treated Ultravision's choice of this forum as a paramount consideration, I find that RMG has demonstrated that the *Jumara* factors weigh strongly in favor of transfer. I will therefore grant RMG's motion to transfer (D.I. 7).

The Court will enter an order consistent with this Memorandum Opinion.

7